# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QIANQIAN DONG,<br><br>          Petitioner,<br>     v.<br><br>WARDEN OF THE ADELANTO<br>DETENTION CENTER, ET AL.,<br><br>          Respondents. | No. ED CV 26-1157-DOC(E)<br><br><br>REPORT AND RECOMMENDATION OF<br><br>UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable David O. Carter, United States District Judge, pursuant to 28 U.S.C. section 636 and General Order 05-07 of the United States District Court for the Central District of California.

## INTRODUCTION

Petitioner, a citizen of China, lived in the United States under immigration supervision for more than two years prior to February 13, 2026.  On that date, Immigration and Customs Enforcement ("ICE") re-detained Petitioner without prior or contemporaneous notice or explanation.  Petitioner has remained detained ever since.

Petitioner filed a "[Petition for] Writ of Habeas Corpus, etc." ("the Petition") on March 12, 2026.  Respondents filed "Federal Respondents' Response to Petition for Habeas Corpus" on April 8, 2026.  Petitioner did not file a Reply within the allotted time.

**FACTUAL BACKGROUND**

Petitioner is a native and citizen of China.  She entered the United States without inspection on November 26, 2023.  At that time, Petitioner was arrested by Customs and Border Patrol, but then was released on supervision under an order of recognizance.  Petitioner has abided by all conditions of this supervision.  Removal proceedings are ongoing, and there is no final order of removal.

On February 13, 2026, when Petitioner appeared at a regularly scheduled check-in appointment, ICE re-detained Petitioner without prior or contemporaneous notice or explanation.

**DISCUSSION**

The federal Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A petitioner held in custody in violation of the Constitution or federal law is entitled to habeas relief.  See 28 U.S.C. § 2241(c)(3).

Although this Court would have no jurisdiction to review a challenge to a final order of removal (8 U.S.C. § 1252(g)), the Court does have jurisdiction to adjudicate Petitioner's

challenge to her re-detention.  See Jennings v. Rodriguez, 583 U.S. 281, 138 S. Ct. 830, 841 n.3 (2018); Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999); Pinchi v. Noem, 2025 WL 3691938, at *9-12 (N.D. Cal. Dec. 19, 2025).  Numerous District Courts correctly have found that jurisdiction exists to adjudicate aliens' challenges to ICE re-detentions.  See, e.g., Pinchi v. Noem, 2025 WL 3691938, at *9-12; Xayakesone v. Noem, 2025 WL 3229102 (S.D. Cal. Nov. 19, 2025); J.L.R.P. v. Wofford, 2025 WL 3190589 (E.D. Cal. Nov. 14, 2025); Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *6-7 (D. Nev. Nov. 3, 2025); Grigorian v. Bondi, 2025 WL 2604573 (S.D. Fla. Sept. 9, 2025); K.E.O. v. Woosley, 2025 WL 2553394 (W.D. Ky. Sept. 4, 2025); Zhu v. Genalo, 2025 WL 2452352 (S.D.N.Y. Aug. 26, 2025); Santamaria Orellana v. Baker, 2025 WL 2444087 (D. Md. Aug. 25, 2025); M.S.L. v. Bostock, 2025 WL 2430267 (D. Or. Aug. 21, 2025); Ceesay v. Kurzdorfer, 781 F. Supp. 3d 137, 151-52 (W.D.N.Y. 2025).

Due process, which extends to noncitizens present in the United States, prohibits deprivations of life, liberty and property without due process of law.  See U.S. Const. Amend. V; Trump v. J.G.G., 604 U.S. 670, 673 (2025); Zadvydas v. Davis, 533 U.S. at 693-94.  Due process requires that a person be afforded notice and an opportunity to be heard "at a meaningful time and in a meaningful manner."  Mathews v. Eldridge, 424 U.S. 319, 333 (1976) ("Mathews"); Tenemasa-Lema v. Hyde, 2025 WL 3280555, at *8-11 (D. Mass. Nov. 25, 2025) (applying Mathews to find that re-detention of paroled alien without the possibility of re-release violated due process); Minute Order, filed October 30, 2025 in Im v. Semaia, CV 25-2733-JAK(E) (C.D. Cal. 2025) (applying Mathews to find a likelihood of a due process violation where ICE re-detained without a hearing an alien who had been on immigration supervision); accord Pinchi v. Noem, 2025 WL 3691938, at *30-31; cf. Hurd v. District of Columbia, 864 F.3d 671, 683 (D.C. App. 2017) ("the Supreme Court has repeatedly held that in at least some circumstances, a person who is in fact free of physical confinement - even if that freedom is lawfully revocable - has a liberty interest that entitles him to constitutional due process before he is re-incarcerated").

Immigration regulations implement and safeguard some of these due process rights. For example, under 8 C.F.R. sections 241.13(i) and 241.4(l), a revocation of supervised release requires that the alien be informed of the basis for revocation and be provided a "prompt" opportunity to present evidence and to explain why revocation is not warranted.

In the present case, Respondents violated these regulations and Petitioner's due process rights. Respondents failed to give Petitioner any prior or contemporaneous explanation of the specific reason(s) for the (de facto) revocation of supervision and failed to provide Petitioner with a prompt opportunity to present evidence and to explain why revocation is not warranted. See, e.g., Dereck v. Noem, 2026 WL 807618, at *3-4 (E.D. Cal. March 24, 2026), adopted, 2026 WL 926254 (E.D. Cal. Apr. 6, 2026); Acosta v. Warden, 2026 WL 350831, at *4-5 (E.D. Cal. Feb. 9, 2026); Perez-Escobar v. Monez, 2025 WL 2084102, at *2 (D. Mass. July 24, 2025); see also Delkash v. Noem, CV 25-01675-HDV(AGR) (C.D. Cal. Aug. 25, 2025) (Dkt. 18, pp. 7-9).

It should go without saying that federal agencies, including ICE, must follow federal law, including federal due process and federal regulations. See United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260 (1954); see also Morton v. Ruiz, 415 U.S. 199, 235 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures."). Where, as here, fundamental due process rights are implicated, a petitioner need not demonstrate prejudice resulting from the federal agency's violation of law. See, e.g. Martinez v. Noem, 2025 WL 3171738, at *4 (S.D. Cal. Nov. 13, 2025); Phan v. Noem, 2025 WL 2898977 (S.D. Cal. Oct. 10, 2025). As observed in Ghafouri v. Noem, 2025 WL 3085726, at *6 (S.D. Cal. Nov. 4, 2025), "[d]istrict courts across the country, including in the Ninth Circuit, have determined that where ICE fails to follow its own regulations in revoking release, the detention is unlawful and the petitioner's release must be ordered." (citations and quotations omitted); accord, Perez-Escobar v. Moniz, 2025 WL 2084102, at *3 (D. Mass. July 24, 2025). Further, as aptly stated in Ceesay v. Kurzdorfer, 781 F. Supp. 3d at 166,

4

"Everyone - citizen and noncitizen, the innocent and the guilty - is entitled to [the] sacred right [of due process]. . . . [B]ecause ICE did not follow its own regulations in deciding to re-detain [petitioner], his due process rights were violated, and he is entitled to release. And even if that were not so, he still would be released because he was not afforded even the minimal due process that protects everyone - citizens and noncitizens - in the United States."

Although Respondents now say they do not oppose a belated bond hearing before an Immigration Judge, the most appropriate remedy for the unjustified violations of Petitioner's federal law rights occurring over the past two months would be "[t]o return to the status quo - the last uncontested status which preceded the pending controversy," i.e., to order the release of Petitioner on "the same conditions [under which] [s]he was released previously." Garcia v. Andrews, 2025 WL 1927596, at *6 (E.D. Cal. July 14, 2025); see Rodriguez Cabrera v. Mattos, 2025 WL 3072687, at *15 (ordering re-release of ICE detainee on conditions previously imposed); accord, Dereck v. Noem, 2026 WL 807618, at *3-4.

**CONCLUSION**

For all of the foregoing reasons, it is recommended that the Court issue an order: (1) accepting and adopting this Report and Recommendation; and (2) directing that Judgment

///

///

///

///

///

///

////

///

///

5

be entered granting the Petition in part and ordering Respondents to release Petitioner from detention immediately, subject to the conditions of her previous supervision.[1]

DATED: April 24, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1] With the possible exception of a motion for attorneys fees under the Equal Access to Justice Act, (a motion to be directed to the District Judge after the entry of judgment (see General Order 05-07, p. 7)), Petitioner has not justified any different or additional relief on the present record.

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number.  No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

QIANQIAN DONG,

         Petitioner,

    v.

WARDEN OF THE ADELANTO
DETENTION CENTER, ET AL.,

         Respondents.

No. ED CV 26-1157-DOC(E)

ORDER ACCEPTING FINDINGS,

CONCLUSIONS AND RECOMMENDATIONS

OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which any objections have been made. The Court accepts and adopts the Magistrate Judge's Report and Recommendation.

IT IS ORDERED that: (1) the Report and Recommendation is accepted and adopted; and (2) Judgment shall be entered granting the Petition in part, and ordering Respondents to release Petitioner from detention immediately, subject to the conditions of her previous supervision.

///

IT IS FURTHER ORDERED that the Clerk serve forthwith a copy of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner, counsel for Petitioner and counsel for Respondents.

LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: _____, 2026.



_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| QIANQIAN DONG, | No. ED CV 26-1157-DOC(E) |
|      Petitioner, | |
|     v. | JUDGMENT |
| WARDEN OF THE ADELANTO DETENTION CENTER, ET AL., | |
|     Respondents. | |

IT IS ADJUDGED that the Petition is granted in part and Respondents are ordered to release Petitioner from detention immediately, subject to the conditions of her previous supervision.

DATED: _____, 2026.


_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE